# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC ASIAN ENTERPRISES, a California corporation, and RLI Insurance Company, an Illinois corporation,<br><br>                                    Plaintiffs,<br>   vs.<br><br>CROSS CHARTERING N.V., a foreign limited liability company, *in personam*; SSA MARINE, INC., a Washington corporation doing business as STEVEDORE SERVICES OF AMERICA; and M.V. CATALONIA V-285, her machinery, tackle, and engines, etc., *in rem*;<br><br>                                    Defendants | CASE NO. 10cv1335-LAB (WVG)<br><br>**ORDER ON SEQUENCING OF MOTIONS** |

After Defendants filed a motion to dismiss this case on the ground that it belongs in Antwerp, Belgium, Plaintiffs filed a motion for partial summary judgment on the merits. (The motions were actually filed on the same day — January 31, 2011 — but the Defendants got to the docket first.) On February 10, 2011, Defendants filed an *ex parte* motion asking the Court to consider their motion to dismiss first, and to push back the briefing schedule for the Plaintiffs' summary judgment motion. The Defendants' motion implicates a forum selection clause in a commercial agreement at the heart of this case, and the Defendants argue, sensibly, that the Court should make a venue determination first, before reaching the merits

of the case. In the Plaintiffs' view, though, the enforceability of the forum selection clause and the merits of the case aren't separable issues. Specifically, Plaintiffs argue that "whether or not [the forum selection] clause can be enforced is inextricably interwoven with the issue of whether or not Defendants can limit their liability to $500 per package or unit under the *U.S. law of fair opportunity*, which is unknown to Belgian law and which a Belgian court would not recognize." (Doc. No. 25-1, p. 2.)

It may be that the law in Belgium is different from the law in the United States, and that Plaintiffs' claims would be dead on arrival there. But the Court doesn't see why Plaintiffs can't make that very argument in opposing Defendants' motion to dismiss. There is ample case law out there — Plaintiffs cite *Vimar Seguros v. M/V Sky Reefer*, 515 U.S. 528 (1995) — standing for the proposition that courts will not enforce forum selection clauses that force a party to surrender statutory remedies, and Plaintiffs are welcome to assemble it in their attempt to keep their case in the United States. Indeed, the Defendants admit that "PAE may oppose Defendants' venue motion *on any grounds*, including any that bear upon the limitation of liability issue." (Doc. No. 28-1, p. 4 (emphasis added).)

The briefing and hearing on Defendants' motion to dismiss will proceed as scheduled. Plaintiffs' summary judgment motion — the briefing and the hearing — will be stayed until the Court has ruled on the motion to dismiss and determined the appropriate venue for this case.

**IT IS SO ORDERED**.

DATED: February 14, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge